IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, WESTERN DIVISION

THE TRAVELERS PROPERTY CASUALTY
INSURANCE COMPANY a/s/o KENT AND
KIMBERLY ROUSE

      Plaintiff,

   v.

ELECTROLUX HOME PRODUCTS, INC.

      Defendant.

Civil No.  1:12-cv-02386
District Judge Frederick J. Kapala
Magistrate Judge P. Michael Mahoney

**DEFENDANT'S MEMORANDUM IN SUPPORT OF ITS
MOTION FOR ENTRY OF PROTECTIVE ORDER**

At this case's earliest stages, Defendant Electrolux Home Products, Inc. ("Electrolux")

informed Plaintiff The Travelers Property Casualty Insurance Company a/s/o Kent and Kimberly

Rouse ("Plaintiff") that Electrolux would require entry of a reasonably tailored protective order

before producing in discovery certain sensitive and proprietary company information.  Consistent

with this Court's procedures, Electrolux proposed that the parties stipulate to this Court's Model

Confidentiality Order, with one minor modification that was recently approved in a contested

motion before Magistrate Judge Jeffrey T. Gilbert in another case involving an Electrolux dryer.

To the best of Electrolux's understanding, a protective order of this nature has been entered in

nearly every case that Electrolux has litigated against a subrogated insurance carrier seeking

damages for a claimed defect in an Electrolux clothes dryer, including several times in this

judicial district on Electrolux's motion and over the plaintiff's objection.  Plaintiff's counsel

gave no indication that Travelers was opposed to a protective order generally, and indicated that

comments to the draft that Electrolux sent on October 22, 2012 would be forthcoming, but, to

date, no such comments have been received. The parties are now actively engaged in discovery, with depositions scheduled to begin in late January, and it is critical that a protective order be in place before that time. For this reason, and for those described in greater detail below, Electrolux moves this Court for entry of the protective order attached hereto as Exhibit A.[1]

## BACKGROUND

Plaintiff brought this action as subrogee for its insureds, Kent and Kimberly Rouse, seeking indemnification for payments made to the Rouses as a result of property damage allegedly sustained when, according to the Complaint, a fire ignited in the Rouse's Electrolux-manufactured clothes dryer. Consistent with its experience in similar cases brought by Plaintiff and other insurance carriers, Electrolux identified several categories of confidential and proprietary information that were, or were likely to be, subjects of potential discovery in this matter, including all of the following:

- Proprietary licensing, distribution, marketing, product analysis, design, development, research, and manufacturing information regarding Electrolux products or technology;

- Information that was obtained from another entity, and which is required to be kept confidential pursuant to an agreement entered into in the ordinary course of business; and

- Product information, including, but not limited to, trade-secret or confidential research, development, or commercial information.

The protective order that Electrolux has proposed is narrowly tailored to protect unfettered distribution of Electrolux's sensitive, confidential business information, and courts that have considered the issue in the very context at issue here have routinely found an order identical, in form or substance, to Exhibit A to be appropriate for that purpose. Over the past two years, in

---

[1] Consistent with the Court's procedures, a comparison showing the changes between Electrolux's proposed protective order, on the one hand, and the Northern District of Illinois' Model Confidentiality Order, on the other, is attached hereto as Exhibit B.

fact, such an order was entered—on Electrolux's motion or by stipulation—in five cases in this judicial district:

1. *Allstate Insurance Co. v. Electrolux Home Products, Inc.*, No. 09-cv-6379 (N.D. Ill. Aug. 24, 2010) (Dow, J.) (Docket No. 27, stipulated protective order)

2. *American Family Mutual Insurance Company v. Electrolux North America, Inc., et al.*, No. 10-cv-07864 (N.D. Ill. July 12, 2011) (Guzman, J.) (Docket No. 31, order granting motion for protective order, attached at Dkt. 29-1);

3. *Allstate Insurance Co. v. Electrolux Home Products, Inc.*, No. 11-cv-07494 (N.D. Ill. Mar. 19, 2012) (Kocoras, J.) (Docket No. 25, protective order);

4. *Pekin Insurance Co. v. Electrolux Home Products, Inc.*, No. 12-cv-1507 (N.D. Ill. Sept. 5, 2012) (Feinerman, J.) (Docket No. 18, stipulated protective order).

5. *State Farm Fire & Casualty Co. v. Electrolux Home Products, Inc.*, No. 11-cv-08946 (N.D. Ill. Oct. 31, 2012) (Gilbert, J.) (Docket No. 115, order granting motion for protective order).

As stated above, Electrolux does not understand Plaintiff to be opposed to the entry of a confidentiality order generally, though Plaintiff did reserve judgment on the draft order that Electrolux proposed on October 22, 2012.[2] Because Electrolux has proposed—with only slight modification—the Northern District's Model Confidentiality Order, however, it is appropriate to move for entry of the Order at this time. Electrolux would not agree to any marked departures from the Court's Model Order were Plaintiff to propose them, and Electrolux does not believe that the Court would be amenable to such departures in any event.

## ARGUMENT

Under Federal Rule of Civil Procedure 26(c)(1), "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including […] (G) requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way."

---

[2] A copy of an e-mail exchange to that effect is attached hereto as Exhibit C.

FED. R. CIV. P. 26(c)(1)(G). In the Seventh Circuit, "[t]here is no objection to an order that allows parties to keep their trade secrets (or some other properly demarcated category of legitimately confidential information) out of the public record, provided the judge (1) satisfies himself that the parties know what a trade secret is and are acting in good faith in deciding which parts of the record are trade secrets, and (2) makes explicit that either party and any interested member of the public can challenge the secreting of particular documents." *Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943, 945 (7th Cir. 1999). Electrolux's proposed protective order readily satisfies the criteria outlined in *Cincinnati Insurance*—indeed, the Court no doubt had those standards in mind in drafting the Model Confidentiality Order— and good cause exists for its entry in this matter.

**I.     The Information At Issue Is Proprietary And May Be Properly Designated As Confidential.**

In preparing its discovery responses, Electrolux conducted a good-faith search to locate documents and things responsive to Plaintiff's Requests for Production, and is in the process of preparing a witness to testify about the topics contained within Plaintiff's Notice of Deposition pursuant to FED. R. CIV. P. 30(b)(6).[3] Electrolux has identified the following categories of potentially responsive confidential documents and information that it wishes to protect from widespread disclosure through entry of a narrowly tailored protective order.

- Engineering drawings and the documents related, among other things, to the spacing between the rear panel of the cabinet and the heater housing;
- Technical documents reflecting, among other things, the spacing between the heater housing and the rear of the drum and changes to the spacing;
- Documents reflecting the installation, effectiveness, or replacement of the air duct seal and documents relating to the interface between the air duct and the inner of the front panel, the leakage of air through the felt seals and drum glides, except to the extent that they appear in the manuals and change orders; and

---

[3] Electrolux produced non-confidential documents on November 26, 2012.

- Documents detailing claims made against Electrolux that are not publicly filed pleadings and other similarly available documents, arising out of alleged incidents with dryers.

Information such as that outlined above has consistently been found to be proprietary, confidential, and appropriate for designation as "Confidential" under a narrowly tailored protective order. *See In re Yasmin & Yaz (Drospirenone)*, No. 09-02100, 2011 WL 5507057, at *4-5 (S.D. Ill. Nov. 10, 2011) (holding that under Rule 26(c), documents such as "non-public research reports," "technical and non-technical data and/or compilation data," "customer lists and customer information," and "intellectual property" were entitled to be designated as confidential). Indeed, Electrolux does not publically disclose its engineering drawings, blueprints, or information related to its customers, as such information, could, if wrongfully disclosed or acquired, provide Electrolux's competitors with an unfair commercial advantage.

Given the nature of the confidential information at issue, and the narrow restrictions embodied in the Northern District's Model Confidentiality Order, Electrolux also has "good cause" to seek through this Motion entry of the proposed protective order. This information is non-public and its wrongful dissemination would subject Electrolux to a legitimate threat of competitive injury. Courts have consistently found good cause to exist in such circumstances. *See In re Yasmin & Yaz (Drospirenone)*, 2011 WL 5507057, at *2-5 (holding that 'good cause' exists to protect "nonpublic corporate research," "customer lists and customer information" and "intellectual property"); *Hamilton v. State Farm Mutual Auto. Ins. Co.*, 204 F.R.D. 420, 424 (S.D. Ind. 2001) (holding that "good cause" exists where there is "a clear danger if [defendant's] trade secrets are discovered by its competitors" and that danger outweighs "any legitimate interest one may possess in obtaining the[] documents.").

**II.      The Model Confidentiality Order Is Narrowly Tailored To Protect The Interests Of All Parties, And The Proposed Modification Merely Enhances Those Protections.**

**A.      The Proposed Protective Order Protects Legitimate Interests In Confidentiality.**

Electrolux's proposed protective order is narrowly tailored to simply prevent widespread disclosure of the specifically identified categories of "confidential information," while posing no legitimate threat to the interests of the parties in litigation or any interested member of the public. Indeed, those concerns were all accounted for in the Court's drafting of the Model Confidentiality Order in the first instance, and, as detailed below, the *de minimis* change that Electrolux proposes in no way disturbs the balance that the Model Confidentiality Order was intended to strike.

As the Court—and Plaintiff—is aware, the Model Confidentiality Order provides detailed instructions as to the process of designating, storing, and using confidential information, and its critical purpose is to prevent confidential information produced in discovery from being used or disclosed outside of the context of this litigation. (*See* Ex. A, ¶ 3.)  It does not, in any respect, impair the use that Plaintiff could make of such information in ***this litigation***.  It simply exists to prevent harmful use or disclosure in other contexts. Courts have long recognized prevention of such use or disclosure as a legitimate interest that can and should be promoted through entry of reasonable confidentiality orders.

> [W]hile the public has a presumptive right to access discovery materials that are filed with the court, used in a judicial proceeding, or otherwise constitute "judicial records," the same is not true of materials produced during discovery but not filed with the court. Generally speaking, the public has no constitutional, statutory (rule-based), or common-law right of access to unfiled discovery.

*Bond v. Utreras*, 585 F.3d 1061, 1073-74 (7th Cir. 2009).  Confidential information disclosed in this litigation should be used only for purposes of this litigation, and Plaintiff can claim no interest in any contrary result.  *Andrew Corp. v. Rossi*, 180 F.R.D. 338, 340 (N.D. Ill. 1998)

(noting that courts often "fashion a protective order limiting the disclosure to persons for the *purposes of the lawsuit only*") (emphasis added).

The Court's Model Confidentiality Order also contains ample safeguards to prevent abuse and ensure that confidentiality designations are used appropriately. First, of course, the designating party must make all confidentiality determinations in good faith. (Ex. A at ¶ 3(b)). Additionally, the Order outlines a detailed procedure for challenging any confidentiality designation, throughout which the burden of persuasion remains on the designating party. (*Id.* at ¶ 9). And, finally, the Order contains a provision allowing interested members of the public to challenge any filing submitted under seal pursuant to this Order. (*Id.* at ¶ 13). With such protections in place, speculative concerns over how the Order would be used in practice should be no impediment to its entry.

**B. Electrolux's Minor Proposed Modification Is Appropriate.**

As noted in the redline attached hereto as Exhibit B, Electrolux suggests one minor change to the Model Confidentiality Order, specifically with respect to the definition of "Confidential Information" in Paragraph 2. Electrolux simply proposes that the definition be expanded to include "development" information, and the demonstrative examples be clarified to include "information related to proprietary licensing, distribution, marketing, product analyses, and manufacturing." (Ex. B at ¶ 2). Electrolux offered this modification in view of the caution in *Cincinnati Insurance* that the information sought to be designated as confidential must be described with specificity. 178 F.3d at 945 (describing as "much too broad" language in a protective order that protected "'other confidential information'…without further specifi[cation]"). Electrolux simply wished to clearly delineate the categories of confidential information at issue. In considering this very change in another subrogation matter involving an

alleged dryer fire, Magistrate Judge Gilbert found Electrolux's proposed change to be appropriate:

> THE COURT: --- I can see how specifying documents that deal with the development of the product are going to be things that [Plaintiff's counsel is] going to want to see…right?
>
> I could see how documents dealing with the development of the product are more specific than what we have in the order, such as technical, commercial or financial information.   I could see how specifying proprietary licensing, distribution, market, product analysis, design, and manufacturing is actually giving the Court and the parties a little bit more guidance, provided that all that information is kept confidential…

 (*See* Exhibit D, Excerpt from Transcript of Hearing before the Honorable Jeffrey T. Gilbert on October 30, 2012, on Electrolux's Motion for Entry of Protective Order in *State Farm Fire & Casulaty Co., et al. v. Electrolux Home Products, Inc.*, Case No. 11 C 8946, at 18:15-24).  The Court eventually entered the very order that Electrolux proposes here.

### Conclusion

Electrolux seeks entry of a protective order that, with one minor modification, the Northern District has already sanctioned for use in proceedings in this Judicial District, and which, in form or substance, has been entered in countless dryer fire cases across the country to which Electrolux has been a party, including several in the Northern District.   There is no principled reason for Plaintiff to oppose its entry, and Electrolux requests that the order be adopted as proposed.

Dated: December 20, 2012                    Respectfully Submitted,

                                                            ELECTROLUX HOME PRODUCTS, INC.


                                                            /s/  Matthew J. Kramer

- 9 -

Michael J. Summerhill (ARDC No. 6274260)
Matthew J. Kramer (ARDC No. 6283296)
Salvador A. Carranza (ARDC No. 6292519)
FREEBORN & PETERS LLP
311 S. Wacker Dr., Suite 3000
Chicago, Illinois  60606
Tel: (312) 360-6382
Fax: (312) 360-6594
msummerhill@freebornpeters.com
mkramer@freebornpeters.com

*Counsel for Defendant Electrolux Home Products, Inc.*

## CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that, on December 20, 2012, he caused a copy of the foregoing pleading to be served upon the following counsel of record via the Court's CM/ECF system.

Robert J. Spinazzola
Maisel & Associates
161 North Clark Street
Suite 800
Chicago, Illinois 60601
rspinazz@travelers.com

/s/ Matthew J. Kramer